# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 3:06-po-059

  -vs-      Chief Magistrate Judge Michael R. Merz

      :

DONNA J. TUTT,

      Defendant.

---

**DECISION AND ORDER DENYING MOTION TO DISMISS**

---

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 7). Defendant asserts that she is entitled to dismissal because of violation of her speedy presentment rights under Fed. R. Crim. P. 5(a) which provides that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge. . . ."

Defendant asserts that she was "officially charged and arrested on or about September 10, 2005 for DUI but will not be taken before a Federal Magistrate Judge for an initial appearance and/or arraignment until 9:30 A.M. on March 24, 2006."[1] (Motion at 2).

The purpose of the prompt presentment rule is two-fold. First of all, a person may not, consistent with the Fourth Amendment, be held in custody absent a prompt judicial determination that there is probable cause to believe the person has committed a criminal offense. *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *County of Riverside v. McLaughlin,* 500

---

[1]At the time the Motion to Dismiss was filed, the initial appearance was actually set for **May** 24, 2006.

U.S. 44 (1991).  Second, even if there is probable cause, an arrested person has a right to a prompt bail determination.  *Id.*

However, there are many cases in which persons suspected of a criminal offense are detained by the police temporarily for investigation, but then allowed to depart from custody by the police officers themselves.  It is a common occurrence, well known to any person who regularly reads criminal history reports of persons who have been initially arrested on felony charges by the Dayton Police Department, to be "detective released" before ever being brought to court.  Such persons may never be charged or may be later charged at some time within the statute of limitations, whereupon new process must be issued to bring them before a court.

That is apparently what happened here.  According to the Motion to Dismiss, Defendant was stopped upon suspicion of driving under the influence of alcohol on September 10, 2005, and detained long enough at least to be "offered" a chemical test of the alcohol content of her breath.  But she does not allege that she has been held in custody since September 10, 2005, and the Court infers, in the absence of any evidence to the contrary, that the WPAFB security forces followed their usual practice of releasing the Defendant shortly after she took or refused to take the breath test.  Certainly no formal charges were filed with this Court until the Information (Doc. No. 1) was filed February 8, 2006.  Thus the constitutional concerns behind the speedy presentment rule are not implicated in this case.

Certainly Defendant does not allege that she has been held in custody these many months without a court appearance, a practice which would clearly violate not only Fed. R. Crim.. P. 5, but also the Constitution.  Instead, she asserts what amount to speedy trial concerns – difficulty obtaining witnesses with fully accurate memories, and so forth.  Of course, there is also a

constitutional right to speedy trial.[2]  The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated:  (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant.  *Barker v. Wingo,* 407 U.S. 514, 530-32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).  Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L.Ed.2d 520 (1992).  As of the present, the delay is unexplained, but the Defendant has also asserted only generalized prejudice arguments. That is, the Court is not advised whether particular witnesses have become unavailable or certain other evidence has become unobtainable.  On the present state of the evidence, the Court cannot say that Defendant's constitutional right to a speedy trial has been violated.

The Motion to Dismiss is accordingly denied.

March 21, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

---

[2] Only the constitutional right to speedy trial is arguably in issue here.  The Speedy Trial Act is not applicable to Class B and C misdemeanors or infractions per 18 U.S.C. §3172(2).  It does not require that an information be filed within seventy days of an arrest if the arrest is terminated by release rather than appearance, *United States v. Alfarano,* 706 F. 2d 739 (6th Cir. 1983).  The Speedy Trial Act is triggered by an arrest or service with summons. *United States v. Alfarano,* 706 F. 2d 739 (6th Cir. 1983).  Temporarily taking a person into custody for photographing, fingerprinting, etc., does not constitute arrest for this purpose if no complaint or formal charge is filed.  *United States v. Sayers*, 698 F. 2d 1128 (11th Cir. 1983).  An informal and warrantless arrest also does not suffice. *United States v. Varella,* 692 F. 2d 1352 (11th Cir. 1982).